IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 11-cv-01354-LTB

LOUIS LOVATO,

      Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

      Defendant.

_____

ORDER
_____

Plaintiff Louis Montoya appeals Defendant's (the "Commissioner") final administrative decision partially denying his claim for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act (the "Act"). Jurisdiction in this appeal is proper pursuant to 42 U.S.C. § 405(g). Oral argument would not materially assist in the determination of this appeal. After consideration of the briefs and the record, I reverse the Commissioner's decision.

## I. Statement of the Case

A hearing on Plaintiff's claim was held before an administrative law judge (the "ALJ") on January 22, 2010. On March 22, 2010, the ALJ issued a decision finding that Plaintiff was disabled within the meaning of the Act as of August 22, 2008 rather than April 1, 2007 as asserted by Plaintiff. The Appeals Council denied Plaintiff's request for review thereby rendering the ALJ's March 22, 2010 decision the Commissioner's final decision for purposes of my review. Plaintiff timely filed this appeal seeking review of the Commissioner's final decision.

## II. Statement of Facts

### A. Background

Plaintiff's date of birth is July 26, 1953, making him 53 years old on his April 1, 2007 alleged disability onset date. Administrative Record ("AR") 19. Plaintiff went to school to the eleventh grade and completed 2 years of vocational college where he studied to be a machinist. AR 28-9. Plaintiff worked in the past as a maintenance worker for an apartment complex, a form setter, a construction worker, a machinist, a landscape laborer, all of which require medium to heavy exertion. AR 52.

Plaintiff first alleged that he became disabled on August 1, 2006 but changed his disability onset date to April 1, 2007 at the hearing before the ALJ. AR 28. At the time he initially filed for benefits, Plaintiff alleged that his ability to work was limited by encephalopathy, renal failure, gastrointestinal bleeding, arthritis in his knees, peptic ulcers, and rhabdomyolosis. AR 200.

X-rays taken in 2005 showed that Plaintiff had advanced compartmental arthritis in his right knee and early medical compartmental arthritis in his left knee. AR 348.

On April 21, 2007, Kristin Furfari, M.D., performed a consultative examination of Plaintiff. AR 399 - 403. Plaintiff's chief complaint was bilateral knee pain which had begun 2-3 years prior to his examination by Dr. Furfari. AR 399. Dr. Furfari observed that Plaintiff was able to take his shoes off and on and climb on and off the exam table without difficulty; walk with a light limp; and maintain stability without holding onto walls or furniture. AR 400 - 401.

Dr. Furfari diagnosed Plaintiff with bilateral knee pain; likely osteoarthritis with degenerative changes; difficulty with bending and stooping secondary to his pain; and no range

of motion limitations within a passive range of motion. AR 402. In her functional assessment of Plaintiff, Dr. Furfari opined that Plaintiff could stand and walk for 2 hours in an eight- hour work day; sit for 6 hours; and frequently lift and carry 10 pounds. *Id.* Dr. Furfari further opined that Plaintiff had postural limitations including bending, stooping, and crouching secondary to his bilateral knee pain. AR 403.

X-rays taken shortly after Plaintiff's examination by Dr. Furfari showed advanced medical joint compartment narrowing suggesting cartilage and/or meniscal degenerative change and small osseous densities in the right knee and medial compartment degenerative changes in the left knee. AR 404.

A Colorado Department of Human Services Med-9 Form dated September 8, 2007 stated that Plaintiff was disabled and unable to work at any job for an expected period of 12 months due to a bilateral knee injury. AR 383. Shortly thereafter, Plaintiff was hospitalized and diagnosed with acute renal failure, acute hepatitis, hepatic encephalopathy, drug abuse, and alcoholism. AR 300. A subsequent Colorado Department of Human Services Med-9 Form dated November 28, 2007 stated that Plaintiff was not totally disabled but had a mental or physical impairment that substantially precluded him from engaging in his usual occupation of carpenter for a period of 6 months or longer. AR 384.

On January 1, 2008, David Claiborne, SDM, completed a physical RFC assessment for Plaintiff and opined that Plaintiff occasionally lift and carry 20 pounds; frequently lift and carry 10 pounds; stand, walk, and sit for 6 hours in an eight-hour workday; and occasionally climb, kneel, crouch, and crawl. AR 335 - 36.

On April 22, 2008, Milton Waldron, M.D., performed a consultative examination of

Plaintiff.  AR 347-48.  X-rays obtained by Dr. Waldron showed "dramatic varus deformity of both knees with bone-on-bone and total loss of any articular cartilage in the medial compartment bilaterally, as well as significant patellafemoral arthritis."  AR 348.  Dr. Waldron opined that Plaintiff suffered from advanced bilateral medial compartmental arthritis and was disabled from any work that required any walking, lifting, or carrying.  *Id.*  Dr. Waldron further opined that Plaintiff could only perform a sedentary job and would only be able to return to his trade if he had his knees replaced.  *Id.*

A physical RFC assessment by David Wilber, MPT, dated August 29, 2008, indicated that Plaintiff could lift 20 pounds occasionally and 10 pounds frequently; carry 10 pounds occasionally; sit 4 hours at a time for a total of 8 hours; stand for 45 minutes at a time for a total of 4 hours; walk for 30 minutes at a time for a total of 3 hours; occasionally climb stairs, stoop, crouch, or balance; and never climb ladders or scaffolds, kneel, or crawl.  AR 360 - 62.

Psychological tests administered to Plaintiff on May 8, 2008, showed Plaintiff to have a verbal IQ of 70 (2nd percentile); a performance IQ 0f 98 (45th percentile); and a full scale IQ of 80 (9th percentile).  AR 352.

## B.  Plaintiff's Disability Hearing

At the hearing January 22, 2010, hearing, the ALJ asked the vocational expert ("VE"), if an individual of the same age, education, and past work experience as Plaintiff who could lift or carry up to 10 pounds frequently and 20 pounds occasionally; sit, stand, or walk with normal breaks for 6 hours in an 8 hour workday; and occasionally climb, crouch, kneel, crawl could return to Plaintiff's past work.  AR 52.  The VE responded no but opined that such a person could work as a fast food worker, cashier, or cafeteria attendant.  AR 52-3.  The ALJ then added

that the hypothetical individual was also be limited to simple, unskilled work.  AR 54.  The VE responded that such an individual was still capable of working as a fast food worker, cashier, or cafeteria attendant.  *Id.*

## C.  The ALJ's Decision

In her ruling, the ALJ applied the five-step sequential process outlined in 20 C.F.R. § 416.920(a).  At the first step of the sequential process, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the time period under review.  AR 14.  At the second step, the ALJ determined that Plaintiff had severe impairments of "osteoarthritis of the bilateral knees, alcoholic hepatitis, dysthymia, and borderline intellectual functioning."  *Id.*  At the third step, the ALJ determined that Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 15.

At the fourth step of the sequential process, the ALJ determined that prior to April 22, 2008, Plaintiff had the residual functional capacity ("RFC") "to perform light work ..., while lifting and carrying up to ten pounds frequently, and up to twenty pounds occasionally; sitting and standing/walking for up to six hours each in a regular eight hour work day; occasionally climbing, crouching, kneeling, or crawling, and while performing simple, unskilled work, involving one, two, or three step instructions."  AR 16.  Beginning April 22, 2008, the ALJ determined that Plaintiff had the RFC "to perform sedentary work ..., while lifting and carrying no more than ten pounds; standing and walking for up to two hours each in a regular work day, and sitting up to six hours; while avoiding activities involving crawling, kneeling, or crouching, and while performing simple, unskilled work at most, involving one, two, or three step

instructions." AR 19.

After concluding that Plaintiff was unable to perform any past relevant work since August 1, 2006, *id.*, the ALJ proceeded to the fifth step of the sequential process and concluded that there were a significant number of jobs in the national economy that Plaintiff was capable of performing prior to April 22, 2008 but not after that date. AR 20 - 1. Thus, the ALJ concluded that Plaintiff was not disabled prior to April 22, 2008 but became disabled on that date and remained disabled through the date of her decision. AR 21.

### III. Standard of Review

In reviewing the Commissioner's decision, I must determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1992); *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamilton, supra,* 961 F.2d at 1498. I "may neither reweigh the evidence nor substitute [my] discretion for that of the Administrative Law Judge." *Kelley v. Chater,* 62 F.3d 335, 337 (10th Cir. 1995). Where evidence as a whole can support either the Commissioner's decision or an award of benefits, the Commissioner's decision must be affirmed. *See Ellison v. Sullivan,* 99 F.2d 534, 536 (10th Cir. 1990).

### IV. Analysis

Plaintiff raises two issues on appeal: (1) whether the ALJ properly determined Plaintiff's RFC prior to April 22, 2008; and (2) whether the Commissioner met his burden at proof at step 5 of the sequential process.

**A.  The ALJ's Determination of Plaintiff's RFC Prior to April 22, 2008**

Plaintiff argues that the ALJ erred in determining that Plaintiff was capable of performing light unskilled work prior to April 22, 2008

> (1) by finding that Plaintiff could stand and/or walk 6 hours a day despite evidence that Plaintiff had stopped working as a maintenance supervisor for an apartment complex after he was no longer able to use a golf cart while performing his duties;
>
> (2) by finding that Plaintiff could perform light unskilled work prior to April 22, 2008 despite X-rays from 2005 & 2007 showing significant arthritis in Plaintiff's knees;
>
> (3) by relying on the 2007 x-rays to support her conclusion that Plaintiff had less advanced arthritis in his right knee even though Plaintiff reported that the pain was worse in his right knee;
>
> (4) by not discussing Plaintiff's 2005 x-rays;
>
> (5) by failing to properly take into account Plaintiff's advanced age and Dr. Furfari's opinions;
>
> (6) by ignoring the fact that Plaintiff's daily activities were the same both before and after the disability onset date;
>
> (7) by questioning Plaintiff's credibility based on his receipt of unemployment benefits and ongoing work for 6-7 hours per week;
>
> (8) by accepting Mr. Clairborne's opinion that Plaintiff could perform light work prior to April 22, 2008; and
>
> (9) by rejecting Plaintiff's alleged onset of disability date based on a lack of contemporaneous medical evidence.

Taken together, these arguments raise the question of whether there is substantial evidence in the record to support the ALJ's conclusion that Plaintiff was capable of performing light unskilled work prior to April 22, 2008.

The medical evidence of record regarding Plaintiff's ability to work at the time of his

amended alleged disability onset date consists of Dr. Furfari's report and the x-rays that she ordered. Dr. Furfari opined that Plaintiff was limited to sedentary work but the ALJ attached no weight to this opinion because she found that it was inconsistent with Dr. Furfari's examination findings. AR 19. The examination findings cited by the ALJ include Plaintiff's ability to easily move around the examination room; take his shoes off and on and climb on and off the exam table without difficulty; walk with a light limp; and maintain stability without holding onto walls or furniture. AR 18. None of these findings reflecting Plaintiff's abilities during the short duration of a consultative examination are inconsistent with a finding that Plaintiff could only sit and/or stand for 2 hours during an 8-hour workday.

Dr. Furfari's opinion that Plaintiff was limited to sedentary work in April of 2007 is supported by other evidence in the record including the fact that Plaintiff's last job as a maintenance worker and supervisor at an apartment complex ended when he no longer had access to a golf cart to get around the property. AR 45 -6. In contrast, much of the evidence cited by the ALJ fails to support her conclusion that Plaintiff was capable of performing light unskilled work prior to April 22, 2008.

First, the ALJ concluded that Plaintiff's daily activities were inconsistent with his allegation of disability prior to April 22, 2008 despite the fact that Plaintiff's daily activities were largely unchanged throughout the entire alleged period of disability. AR 17 - 18. The ALJ also concluded that Plaintiff's ability to work a maximum of 6-7 hours doing small building or repair projects over the course of an entire week was inconsistent with his claim that he was unable to perform work requiring exertion or move around without assistance. AR 17. This fact, however, does not demonstrate any exertional ability or mobility on a sustained basis.

8

Moreover, Plaintiff's ability to work up to 6-7 hours per week doing small building or repair projects as of the January 22, 2010 hearing (AR 30-1 & 35) did not prevent the ALJ from concluding that Plaintiff was disabled beginning April 22, 2008.

Because it was not supported by substantial evidence in the record, I conclude that the ALJ erred in concluding that Plaintiff was capable of performing light unskilled work prior to April 22, 2008. Rather, the evidence in the record dictates a finding that Plaintiff was limited to sedentary work beginning April 1, 2007. Although the decision sometimes references the original alleged disability onset date of August 1, 2006, these references are in error because the ALJ clearly accepted Plaintiff's amended alleged disability onset date of April 1, 2007. AR 12, 18 & 28. I therefore deny Plaintiff's request that I ignore the fact that he amended his alleged disability onset date and find that he was limited to sedentary work beginning August 1, 2006.

Factoring in Plaintiff's age, education, and work experience, the ALJ concluded that Medical-Vocational Rules 201.02 and 201.10, 20 C.F.R. Part 404, Subpart P, Appendix 2, dictated a finding that Plaintiff was "disabled" after April 22, 2008. AR 21. On April 1, 2007, Plaintiff was 53 years old. Medical-Vocational Rules 201.02 and 201.10 likewise dictate a finding that Plaintiff was "disabled" after April 1 2007. *See* Medical-Vocational Rul 201.00(g) (defining individuals approaching advanced age as those between the ages of 50 - 54). Under these circumstances, no additional fact finding is necessary, and it is therefore appropriate to remand for an immediate award of benefits. *Dollar v. Bowen,* 821 F.2d 530, 534-5 (10th Cir. 1987).

**B.  The ALJ's Analysis at Step 5 of the Sequential Process**

Since I have concluded that Plaintiff was disabled beginning April 1, 2007, I need not consider Plaintiff's alternative argument that the ALJ's hypothetical questions to the VE failed to precisely match the erroneous RFC he ascribed to her or reflect all impairments established by the record.

### V.  Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that

1.  The Commissioner's decision finding that Plaintiff did not become disabled until April 22, 2008 is REVERSED;

2.  Plaintiff has been disabled under Titles II and XVI of the Act since April 1, 2007; and

3.  Plaintiff shall be awarded disability insurance benefits and supplemental security income consistent with this Order.


Dated: May   15  , 2012 in Denver, Colorado.


                                        BY THE COURT:


                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, JUDGE